## Application of MARTIN.
### Patent Appeal No. 5079.

Court of Customs and Patent Appeals.
March 4, 1946.

Pennie, Davis, Marvin & Edmonds, of New York City, (Louis D. Forward, of New York City, and Clarence M. Fisher, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

BLAND, Associate Judge.

The appeal in this case was argued with the appeal in No. 5080, which is regarded as a companion case, the decision in which is made concurrently herewith. 154 F.2d 126.

It might be sufficient to write but one opinion, but since it has been otherwise treated by the tribunals below and briefed separately upon separate records, we think it proper to render separate opinions in each of the appeals.

In the instant case the Primary Examiner finally rejected claims 1 to 8, inclu-

sive, and 10 and 11 of appellant's application for a patent directed toward a method of refining petroleum oils so as to produce low viscosity lubricating oils. In this court appellant has moved to dismiss his appeal as to claims 1, 6, 7 and 10, leaving for consideration claims 8 and 11, which were rejected as being drawn to non-elected species, and claims 2 to 5, inclusive, which were rejected as aggregative and as involving no invention over the prior art, being the same grounds of rejection as was applied to the claims in the companion appeal.

Claim 2 is regarded as illustrative and reads:

"2. The method of producing stabilized low viscosity, relatively high viscosity index, lubricating oils from relatively high viscosity petroleum stocks which comprises subjecting the high viscosity stock to. mild cracking conditions at a temperature of about 600°–800° F. and subsequently solvent extracting the mildly cracked stock with the separation of a raffinate comprising a low viscosity lubricating oil."

There is very little difference in the methods defined by the claims here and those defined by the claims in the companion case. There the cracking treatment was a thermal-catalytic treatment. While there are some additional references cited in this case and not referred to in the other, it does not change the nature of the issue and it seems clear that the board's decision in the instant case follows the reasoning of their decision in the companion case.

In other words, it is not contended here by anyone that if the claims are not patentable in the companion case they are patentable here. The difference between the cracking treatment involved here from that of the thermal-catalytic treatment involved in the companion case, both being conventional procedures in the art, should not properly bring about a result different from that in the other case.

We think the claims involved in this appeal do not define invention over the prior art cited for the reasons stated in the companion case and in substance restated by the board in its decision in the instant case and that the board's decision so holding in the instant case was proper.

Appellant's argument, strenuously made here, that the combination of the steps in the order recited in the appealed claims, that is to say, the cracking step at the right temperature first being applied and sub-

sequently applying the solvent extraction treatment, produced an unexpected coaction from which new and beneficial results flow, was sufficiently answered by the board's decision and the decision of this court in the companion case and need not be restated here.

We think the board arrived at the right conclusion and its decision affirming that of the examiner for the reasons stated is affirmed as to claims 2 to 5, inclusive, 8 and 11, and appellant's motion to dismiss the appeal as to claims 1, 6, 7 and 10 is granted.

Affirmed.